UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

NATELA IOBIDZE on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

     -against-

SELIP & STYLIANOU, LLP

                              Defendant.

---

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Natela Iobidze, brings this action against Selip & Stylianou, LLP for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who previously resided within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Woodbury, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Natela Iobidze

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about February 8, 2017, Defendant sent the Plaintiff a collection letter.

11. The said letter was an effort to collect on a consumer debt.

12. The February 8, 2017 letter was received by the Plaintiff on or around five days later.

13. The said February 8, 2017 letter failed to correctly state the in full the amount of the debt allegedly owed.

14. Though the February 8, 2017 letter listed a "Balance Due" and demanded payment in full, the letter did not state on which date the "Balance Due" was calculated, and did not explain that interest would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date she makes a payment.

15. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

16. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "Balance Due" stated on the notice will not know whether the

debt has been paid in full.

17. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

18. As interest was accruing daily, as was seen from a subsequent letter the Defendant sent to the Plaintiff, dated January 30, 2018, regarding the same account, wherein the balance had increased by $175.78, a consumer who pays the "Balance Due" stated on either of the said collection letters will not know whether the debt has been paid in full.

19. The January 30, 2018 letter itself was in violation in the same manner that the February 8, 2017 letter was in violation.

20. The statement of a "Balance Due," without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

21. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

22. Collection notices that state only the "Balance Due," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

23. Although the said letters stated a "Balance Due" and demanded payment in full, the letter

also failed to disclose to the Plaintiff that the Defendant would attempt to collect the additional accruing interest at a later date.

24. Upon receiving the February 8, 2017 letter, the Plaintiff was uncertain whether the "Balance Due" was accruing interest as there was no disclosure or admonition indicating otherwise.

25. A debtor who pays the "Balance Due" stated in either of the collection letters will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after one of the letters were sent but before the balance was paid.

26. The letters would cause the unsophisticated consumer uncertainty and force her to guess how much money she allegedly owed to the Defendant, how much money would accrue daily on her alleged debt, how much additional money she would owe if she paid the amount demanded in either letter, and if or when the Defendant's collection efforts would actually discontinue if she remitted "Balance Due" that the Defendant demanded.

27. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

28. Upon information and belief, such actions are part of a scheme or business of the Defendant when attempting to collect alleged debts from consumers in the State of New York.

29. Upon information and belief, the Defendant's collection letters, such as the said collection letters, number in at least the hundreds.

30. The Defendant, by failing to state that it would add interest to the amount of the debt, made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

31. Defendant's letters are in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

32. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

33. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

34. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

35. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

36. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

37. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under

section 1692e of the Act.

39. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

40. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

41. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. The identities of all class members are readily ascertainable from the records of Selip & Stylianou, LLP and those business and governmental entities on whose behalf it attempts to collect debts.

43. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Selip & Stylianou, LLP, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

44. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

45. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

46. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

47. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

48. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

49. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

51. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

52. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through fifty-one (51) herein with the same force and effect is if the same were set forth at length herein.

53. This cause of action is brought on behalf of Plaintiff and the members of a class.

54. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about February 8, 2017 and January 30, 2018; and (a) the collection letters were sent to a consumer seeking payment of a personal debt; and (b) the collection letters was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A)

and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

**Violations of the Fair Debt Collection Practices Act**

55. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

56. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
February 12, 2018

___/s/__Igor Litvak_____
Igor B. Litvak, Esq.
NJ Bar ID # 906792012
Maxim & Maximov
1701 Avenue P
Brooklyn, New York 11229
E-mail: m@maximovlaw.com
Office: (718) 395-3459
Fax: (718) 408-9570

Plaintiff requests trial by jury on all issues so triable.

___/s/__Igor Litvak_____
Igor B. Litvak, Esq.